Scott D. Cunningham (State Bar No.: 200413)
Email: scunningham@condonlaw.com
Andrew C. Johnson (State Bar No.: 276059)
Email: ajohnson@condonlaw.com
Grace M. Lau (State Bar No.: 312977)
Email: glau@condonlaw.com
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030
Facsimile: (310) 557-1299

Attorneys for Defendant
AEROVIAS DE MEXICO, S.A. DE C.V.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MASRESHAW AYELE and MARQUITA TEKOYA KERSH,<br><br>Plaintiff,<br><br>vs.<br><br>AEROVIAS DE MEXICO, S.A. de C.V., a corporation; CONDON & FORSYTH, LLP, a corporation; SCOTT CUNNINGHAM; ANDREW JOHNSON; ANDRES CONESA; JAVIER ARRIGUNAGA; CHARLES CARROLL; and DOES 1-20,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441 ON THE GROUNDS OF DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332** |

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Defendant Aerovias de Mexico, S.A. de C.V. (hereinafter “Aeromexico”), by and through its attorneys of record, Condon & Forsyth LLP, hereby removes this pending action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California on the following grounds:

1. On July 14, 2020, there was filed in the Superior Court of the State of California for the County of Los Angeles the attached Complaint bearing Case No.: 20STCV26498 in the records and files of that court. A true and correct copy of the Complaint filed in the state court is attached as Exhibit "A."

2. Service of the Summons and Complaint has not yet been effected on Aeromexico. Accordingly, the time for removal as set forth in 28 U.S.C. § 1446(b) has not yet elapsed. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999).

3. This is a civil action by plaintiffs Masreshaw Ayele and Marquita Takoya Kersh (hereinafter "Plaintiffs") against Aeromexico, Condon & Forsyth LLP, Scott Cunningham, Andrew Johnson, Andres Conesa, Javier Arrigunaga, and Charles Carroll. Plaintiffs are seeking damages for fraud/intentional misrepresentation, conspiracy, breach of contract and conversion related to the settlement of Plaintiffs' personal injuries claims against Aeromexico. *See* Plaintiffs' Complaint ["Compl."], Ex. A, pp. 1-2, ¶ 1. **Despite the fact that the settlement funds at issue here were paid on July 22, 2020, almost one month ago, plaintiffs' counsel continues to pursue this baseless lawsuit and wastes the time and resources of the judicial system based on some personal vendetta he has against Aeromexico and its counsel**.

4. This is a civil action over which this Court has original jurisdiction based on the existence of diversity of citizenship between the parties pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by Aeromexico pursuant to the provisions of 28 U.S.C. § 1441(b), in that it is a civil action wherein the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between a citizen of a State and a citizen or subject of a foreign state.

5. Plaintiffs Masreshaw Ayele and Marquita Takoya Kersh are residents and citizens of the State of California for the purposes of 28 U.S.C. § 1332. *See*

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

Compl., Ex. A, p. 2, ¶ 3.

6. Aeromexico is not now and never has been a resident or citizen of the state of California. Aeromexico is now and at all times relevant to this action was a commercial air carrier organized and existing under the laws of Mexico, with its principal place of business located in Mexico City, Mexico.

7. Defendant Condon & Forsyth LLP is organized and existing under the laws of the State of New York, with its principal place of business located in New York, New York.

8. Aeromexico is informed and believes that Scott Cunningham and Andrew Johnson are residents and citizens of the State of California.

9. Aeromexico is informed and believes that Andrew Conesa and Javier Arrigunaga are residents and citizens of Mexico.

10. Defendant Charles Corral's residence and citizenship is unknown.

11. Upon information and belief, defendants Scott Cunningham, Andrew Johnson, Andrew Conesa, Javier Arrigunaga, and Charles Carroll have not been "properly joined and served." 28 U.S.C. § 1441(b)(2) (West 2020). Thus, removal to this Court is proper. *See May v. Haas*, No. 12-CV-01791-MCE, 2012 WL 4961235, at *3 (E.D. Cal. Oct. 16, 2012) (finding removal "was proper" where there was complete diversity and "[b]ecause no local defendant was served at the time of removal").

12. Defendants identified as "DOES 1 through 20" in Plaintiffs' Complaint are merely fictitious parties against whom no cause of action can be validly alleged. To the best of Aeromexico's information and belief, no fictitiously designated defendant has been served with process. The citizenship of defendants sued under fictitious names, therefore, must be disregarded pursuant to 28 U.S.C. § 1441(b)(1).

13. Plaintiffs alleges damages for failure to timely pay the settlement funds in the amounts of $75,000 and $40,000, plus interest, in a sum to be

CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, California 90067-6010
Telephone: (310) 557-2030

determined at the time of trial, general damages for mental and emotional distress in a sum to be determined at the time of trial, prejudgment interest on all damages awarded to Plaintiffs in accordance with Civil Code § 3287, attorneys' fees, witness fees and costs of litigation incurred by Plaintiffs to obtain the Policy benefits in an amount to be determined at trial, economic and consequential damages arising out of defendants' unreasonable failure to timely pay the settlement funds, punitive and exemplary damages in an amount appropriate to punish or set an example of defendants, costs of suit herein, and or such other relief as the Court deems just and proper. *See* Compl., Ex. A, p. 11, ¶ 14, and p. 12, ¶¶ 1-8.

14. Accordingly, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

WHEREFORE, defendant Aeromexico prays that the above-entitled action now pending in the Superior Court of California for the County of Los Angeles, be removed to this Court.

Dated: August 20, 2020 CONDON & FORSYTH LLP

By: /s/ Scott D. Cunningham
SCOTT D. CUNNINGHAM
ANDREW C. JOHNSON
GRACE M. LAU
Attorneys for Defendants
AEROVIAS DE MEXICO. S.A. DE C.V.

# EXHIBIT A

STOLL, NUSSBAUM & POLAKOV
ROBERT J. STOLL, JR, SBN 47173
11620 Wilshire Boulevard, Suite 500
Los Angeles, California 90025
Telephone: 310.996.7500
mail@stolllaw.com
Attorneys for Plaintiffs

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

MASRESHAW AYELE and MARQUITA KERSH, individuals,

Plaintiff,

v.

AEROVIAS DE MEXICO, S.A. de C.V., a corporation; CONDON & FORSYTH, LLP, a corporation; SCOTT CUNNINGHAM; ANDREW JOHNSON; ANDRES CONESA; JAVIER ARRIGUNAGA; CHARLES CARROLL; and DOES 1-20,

Defendants.

Case No. 20STCV26498

**COMPLAINT FOR DAMAGES**

1. **FRAUD/ INTENTIONAL MISREPRESENTATION**
2. **CONSPIRACY**
3. **BREACH OF CONTRACT**
4. **CONVERSION**

**INTRODUCTION**

1. This lawsuit arises out of the intentional, willful, despicable, and ongoing fraudulent conduct of several corporations, entities, and individuals, following the settlement of Plaintiffs MASRESHAW AYELE and MARQUITA KERSH's (hereinafter collectively referred to as "Plaintiffs") personal injury lawsuit against Defendant, AEROVIAS DE MEXICO, S.A. de C.V., dba AEROMEXICO AIRLINES (hereinafter referred to as "Aeromexico"). Aeromexico, along with its attorneys and its insurers, fraudulently agreed to settlement terms, including the payment of money to Plaintiffs, when they had no intention of complying with the terms of the settlement, including said payment. Defendants, and all of them, intentionally deceived Plaintiffs, by

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

intentionally asserting facts they knew to be untrue, by suppressing crucial facts with the intent to mislead Plaintiffs, and by making a promise without the intent of performing it. Defendants engaged in a malicious and protracted conspiracy to harm Plaintiffs, which did in fact cause Plaintiffs to suffer the intended harm. To date, no payment has been made to Plaintiffs on behalf of Aeromexico, despite the fact that the parties reached a settlement agreement in November 2019, a Notice of Settlement was filed with the Court in December 2019, and the signed, notarized Releases were returned to Aeromexico in February 2020.

**PARTIES**

3. At all times relevant to this lawsuit, Plaintiffs MASRESHAW AYELE and MARQUITA KERSH were residents of the County of Los Angeles, State of California.

4. Defendant Aeromexico is, and at all times relevant to this lawsuit, were, authorized to conduct business in the County of Los Angeles in the State of California.

5. Defendant CONDON & FORSYTH, LLP (hereinafter referred to as "Condon") is a national law firm with offices in Los Angeles, California.

6. Defendant Condon is, and at all relevant times, was, authorized to conduct legal business in the County of Los Angeles in the State of California.

7. The fraudulent and deceitful acts alleged in this Complaint, as well as all circumstances surrounding the allegations of this Complaint, took place in the County of Los Angeles in the State of California.

8. Plaintiffs do not know the true names and capacities of defendants sued herein as Does 1 through 20, inclusive, including the insurance company for Defendant Aeromexico, and therefore sues said defendants by such fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiffs will amend this Complaint to state the true names and capacities of the fictitiously named defendants when the same are ascertained. Plaintiffs are informed and believe and based thereon allege that each of the fictitiously named defendants is legally responsible in some manner for the events and damages alleged in this Complaint under the causes of action stated herein.

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

9. Plaintiffs are informed and believe and based thereon allege that at all times mentioned herein, Defendants SCOTT CUNNINGHAM and ANDREW JOHNSON were residents of the County of Los Angeles in the State of California and were the agents, partners, joint-venturers, associates and/or employees of one or more of the other defendants and were acting in the course and scope of such agency, partnership, joint venture, association and/or employment when the acts giving rise to the causes of action occurred. Defendants JAVIER ARRIGUNAGA; CHARLES CARROLL and ANDRES CONESA were officers and directors of defendant Aeromexico.

**JURISDICTION AND VENUE**

10. Jurisdiction is proper in the Superior Court for the County of Los Angeles pursuant to California Code of Civil Procedure Section 410.10 because it has general subject matter jurisdiction and no statutory exceptions to jurisdiction exist. The amount in controversy exceeds the jurisdictional minimum of this Court.

11. Venue is proper in the County of Los Angeles pursuant to California Code of Civil Procedure Section 395 because the plaintiffs and the defendants herein described are residents of Los Angeles County.

**FACTUAL ALLEGATIONS**

12. On or about May 20, 2017, Plaintiffs were injured at Los Angeles International Airport when an Aeromexico aircraft struck and overturned the vehicle in which Plaintiffs were traveling as passengers.

13. Plaintiffs filed a Complaint for Damages in the United States District Court for the Central District of Los Angeles on August 13, 2018. Over one (1) year of litigation ensued, including the exchange of written discovery, extensive investigation, defense medical examinations, and at least ten (10) oral depositions.

a) Suspiciously, Defendants refused to disclose or produce in discovery the applicable insurance policy that would be available to cover the subject accident; stating only that they have "sufficient liability insurance to satisfy any judgment which may be entered against it in this action."

b) Plaintiffs learned later that their evasion was part of a larger scheme to prevent Plaintiffs from collecting their promised settlement funds and to stop Plaintiffs from filing an action against the liability carrier.

14. Plaintiffs, in good faith, began engaging in settlement discussions with Aeromexico towards the end of the year 2019. On November 12, 2019, Plaintiffs made a settlement offer that included settling their claims against Aeromexico for $75,000 (Plaintiff Ayele) and $40,000 (Plaintiff Kersh). It was communicated in writing between counsel on said date.

15. On November 22, 2019, Aeromexico accepted Plaintiffs' settlement demands, in writing, as follows:

> *"I'm pleased to advise that Aeromexico agrees to settle the lawsuit styled Masreshaw Ayele and Marquita Tekoya Kersh v. United States of America, et al., Case No. 2:18-cv-06933-DMG-KS ("Ayele et al. v. USA, et al."), currently pending in the United States District Court for the Central District of California, with your clients, Marquita Kersh and Masreshaw Ayele, on the following terms:*
>
> *Marquita Kersh:*
> *1.Settles her lawsuit against the Aeromexico entities and LAWA entities named in the operative complaint, with dismissal with prejudice of Ayele et al. v. USA, et al., for $40k;*
> *2.Kersh is responsible for satisfying all liens out of the settlement amount except for her workers compensation lien;*
> *3.Aeromexico is responsible for handling Kersh's workers compensation lien with G2;*
> *4.Aeromexico will not pay Kersh any difference between her workers compensation lien amount, and whatever amount Aeromexico pays to resolve that lien.*
>
> *Masreshaw Ayele:*
> *1.Settles his lawsuit against the Aeromexico entities and LAWA entitites named in the operative complaint, with dismissal with prejudice of Ayele et al. v. USA, et al., for $75k;*
> *2.Ayele is responsible for satisfying all liens out of the settlement amount except for his workers compensation lien;*
> *3.Aeromexico is responsible for handling Ayele's workers compensation lien with G2;*
> *4.Aeromexico will not pay Ayele any difference between Ayele's workers compensation lien amount, and whatever amount Aeromexico pays to resolve that lien.*
>
> *These terms are subject to Kersh and Ayele each executing an agreeable release of all of their claims against the Aeromexico entities and LAWA entities named in your clients operative complaint arising from the subject incident."*

16. The parties filed with the Court a Notice of Settlement in December, 2019.



STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

17. Thereafter, Defendants sent Releases to Plaintiffs. Plaintiffs executed and notarized the Releases, and delivered them to Defendants on February 21, 2020. *A true and correct copy of Plaintiffs' executed releases are attached hereto as **Exhibits A** and **B**.*

18. Upon receipt of the signed and notarized Releases, Defendant Condon expressly stated that Plaintiffs' settlement checks would be requested on Monday (*February 24, 2020*).

19. On March 13, 2020, counsel for Plaintiffs followed up with Defendants to check the status of the settlement checks. Defendants responded on March 17, 2020, stating that they had been working remotely due to COVID-19 and would check the status of the checks.

20. Plaintiffs received no further information. So, counsel for Plaintiffs sent an email to Defendants on March 30, 2020, demanding payment pursuant to the terms of their settlement agreement.

21. Defendants replied, "I will get back to you," on March 30, 2020.

22. In light of the filed Notice of Partial Settlement, the District Court placed the case in inactive status and set a deadline to file 1) a stipulation and proposed order for dismissal of the action, or 2) a motion to reopen, for April 6, 2020. Accordingly, Plaintiffs' counsel sent an email to Defendants on March 31, 2020, demanding delivery of the settlement funds so that the appropriate documents could be filed with the Court.

23. By April 3, 2020, Plaintiffs had not received a response, and were forced to demand payment from Defendants once again. Plaintiffs' counsel and Defendant Condon had a phone conversation which was subsequently memorialized in writing, wherein they agreed that the parties would file with the Court a Motion to Re-Open the Case to Finalize Settlement.

a) Plaintiffs were induced to support the motion because of the fraudulent misrepresentation that the checks would be forthcoming.

b) In the Motion to Re-Open, Defendants stated, "Since the settlement agreement has been finalized, Defendants have experienced unexpected delays in collecting settlement funds." It was requested that the parties

receive more time to consummate settlement and file a stipulation and proposed order of dismissal. Defendants filed the document with the Court.

c) The request was granted and the parties were given until June 5, 2020, to finalize the settlement.

24. On April 30, 2020, Plaintiff's counsel sent an email to Defendants inquiring about the status of the settlement checks. Defendants responded, "I will check and let you know the status."

25. On May 18, 2020, Plaintiffs had received no response from Defendants. Plaintiffs' counsel left a voicemail for Defendants on May 18, 2020, and followed it up with another email, requesting status. Defendants responded via email, "I will check the status and get back to you tomorrow."

26. By May 26, 2020, Plaintiffs' counsel had not received a response from Defendants. Plaintiffs' counsel demanded an update. Defendants replied on May 27, 2020, stating that they were still waiting on the funds to be transferred to their offices. Defendants informed Plaintiffs' counsel that they were preparing an updated report to the Court regarding the status of finalizing the settlement.

27. On June 3, 2020, Plaintiffs' counsel had still not received the settlement checks and again requested status. Defendants responded via email that they were still waiting on the funds. Thereafter, Plaintiffs' counsel and Defendant Condon had a telephone conversation wherein Defendants explained that the checks were coming from India, and the office in India had been closed because of COVID-19, so they would need more time to get the settlement money.

28. Defendants filed a Status Report with the Court on June 4, 2020, stating as follows: "Defendants have continued to experience unusual delays in collecting settlement funds. These delays are due to the COVID-19 pandemic, and the responses of various nations to the pandemic, which substantially shut down or slowed business in nations from which Defendants are gathering settlement funds."

29. On June 22, 2020, Plaintiffs' counsel sent another inquiry to Defendants. Defendants

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

replied on June 27, 2020, stating, "I am looking into the status and will let you know what I find."

30. Defendants had not responded by July 1, 2020. Plaintiffs' counsel again demanded the settlement checks.

31. On July 7, 2020, Plaintiffs' counsel and Defendant Condon had a telephone conversation wherein Mr. Johnson explained that Aeromexico had filed for bankruptcy on June 30, 2020. He stated that because of this, the pending District Court case was stayed immediately and indefinitely.

32. Based on information and belief, Defendants, and all of them, knew that Aeromexico was planning to file bankruptcy. Defendants colluded to intentionally mislead and defraud Plaintiffs by asserting facts they knew to be untrue and suppressing facts they knew to be material.

33. Defendants have promised payment of the settlement funds since November 22, 2019. Defendants fraudulently represented repeatedly thereafter that the settlement checks were forthcoming. Defendants intentionally concealed the fact that Aeromexico was preparing to file for bankruptcy for several months with the specific purpose of preventing Plaintiffs' from taking formal action against Aeromexico to collect the settlement funds.

a) This was a material representation. Had Plaintiffs known that Aeromexico was preparing for bankruptcy, Plaintiffs would have made a motion with the District Court to enforce the settlement agreement prior to the April 6, 2020 deadline, or again before the subsequent June 5, 2020 deadline. Plaintiffs only agreed to continue the Court's status hearing deadlines – twice – because of Defendants' fraudulent, willful misrepresentations that the settlement funds would soon be delivered and because of Defendants' suppression of pertinent facts.

b) Defendants, and all of them, conspired together to willfully deceive Plaintiffs with the intent to induce them to alter their positions to their injury or risk. They made fraudulent, untrue assertions and promises about payment of the settlement funds, knowing that the assertions were untrue and that the

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

promises would not be kept because of Aeromexico's impending bankruptcy.

c) By the time that Plaintiffs found out about the Aeromexico bankruptcy filing and that Defendants had no intention of honoring the settlement agreement or paying the settlement funds, their case in District Court was already stayed.

34. Plaintiffs' counsel met-and-conferred with Defendants on July 9, 2020, during which time Plaintiffs informed Defendants that they have no choice but to file a lawsuit for fraud and intentional acts regarding non-payment of the settlement funds. Because the settlement funds have still not been sent to Plaintiffs, Plaintiffs have no choice but to file the instant action.

**<u>FIRST CAUSE OF ACTION</u>**
**(Fraud and Intentional Misrepresentation)**
**Against All Defendants**

35. Plaintiffs refer to and incorporates by reference Paragraphs 1-34 above as though fully set forth herein.

36. Defendants, and each of them, made false representations (i.e. that payment would be forthcoming) and concealed material facts (i.e. Aeromexico's impending bankruptcy), knowing the representations to be false at the time they were made, with the intent to defraud and induce reliance on their misrepresentations.

37. Plaintiffs justifiably and reasonably relied on Defendants' representations and concealments, and in doing so agreed to continue deadlines for court hearings in their District Court case instead of seeking the Court's intervention in enforcing the settlement.

38. Additionally, because of Plaintiffs' reliance on Defendants' misrepresentations, the Trial in Plaintiffs' case against Aeromexico in District Court was vacated due to the Notice of Settlement filed with the Court.

39. As a direct and proximate result of the above-mentioned deceitful, intentional, malicious conduct by Defendants, and each of them, Plaintiffs have lost their ability to have their day in Court for their personal injury case, as Aeromexico is now in bankruptcy proceedings. Plaintiffs were induced to end their discovery, investigation, and pursuit of justice in Trial by a jury

of their peers, based on Defendants fraudulent misrepresentations and concealments. While Plaintiffs have suffered, and will continue to suffer, as a result of Defendants' actions, Defendants have reaped the benefits of the bargain, by avoiding payment of the settlement funds despite ongoing promises to pay it.

40. As a further proximate result of the intentional bad acts of Defendants, and each of them, Plaintiffs were compelled to incur additional attorney fees for this new action. Therefore, Defendants are liable to Plaintiffs for those attorneys' fees, witness fees, and costs of litigation reasonably necessary and incurred by Plaintiffs in order to obtain the benefits promised to them by Defendants, in a sum to be determined at the time of trial.

41. As a further proximate result of the aforementioned wrongful conduct of Defendants, and each of them, Plaintiffs have suffered severe anxiety, worry, mental and emotional distress, all to their general damages in a sum to be determined at the time of trial.

42. As a further proximate result of the fraudulent conduct of Defendants, and each of them, Plaintiffs have suffered other consequential economic damages, and will continue to suffer in the future, in a sum to be determined at the time of trial.

43. Defendants' despicable conduct described herein was intended by Defendants to cause harm to Plaintiffs. Defendants made intentional misrepresentations and concealed material facts known to Defendants with the intention of depriving Plaintiffs of their legal rights or to otherwise cause injury, such as to constitute malice, oppression or fraud under California *Civil Code* § 3294, thereby entitling Plaintiffs to punitive damages in an amount appropriate to punish or set an example of Defendants.

44. Defendants' conduct described herein was undertaken by its corporate officers or managing agents, identified herein as Does 1 through 20, inclusive, who were responsible for claims supervision and operations, underwriting, communications, and/or decisions. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of the corporate defendants. Said corporate defendants further had advance knowledge of the actions and conduct of these individuals whose actions and conduct were ratified, authorized, and approved by managing

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

agents whose precise identities are unknown to Plaintiffs at this time and are therefore identified and designated herein as DOS 1 through 20, inclusive.

**SECOND CAUSE OF ACTION**
**(Conspiracy)**
**Against All Defendants**

45. Plaintiffs refer to and incorporates by reference Paragraphs 1-44 above as though fully set forth herein.

46. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, were aware of Defendant Aeromexico's plan to file for bankruptcy and avoid payment of the settlement funds with the intent to defraud Plaintiffs.

47. Plaintiffs are informed and believe and thereon allege that Defendants, and each of them, agreed with Defendant Aeromexico's intent to defraud Plaintiffs and thereafter assisted in committing the bad acts by intentionally making false representations and intentionally concealing material facts. Defendants Condon and Does 1-20 did not merely have knowledge of Defendant Aeromexico's conduct, but assisted and furthered the carrying out of said conduct.

48. As a further proximate result of the fraudulent conduct of Defendants, and each of them, Plaintiffs have suffered other consequential economic damages, and will continue to suffer in the future, in a sum to be determined at the time of trial.

**THIRD CAUSE OF ACTION**
**(Breach of Contract)**
**Against All Defendants**

49. Plaintiffs refer to and incorporate by reference Paragraphs 1-48 above as though fully set forth herein.

50. Plaintiffs and Defendants, and each of them, entered into a contract relating to the settlement of Plaintiffs' personal injury lawsuit. Plaintiffs performed all actions required of them by the contract, including but not limited to, signing and notarizing Releases, filing a Notice of Settlement with the Court, and thereby vacating the Trial on their case. Despite Plaintiffs'

performance of the contract, Defendants failed to carry out the actions required of them by the contract, including but not limited to, paying the Plaintiffs their settlement money.

51. As a result of Defendants' said breach of contract, Plaintiffs were harmed, as described herein. Defendants' fraudulent misrepresentations and willful deceit were a substantial factor in bringing about Plaintiffs' harm and causing their injuries.

52. As a further proximate result of the fraudulent conduct of Defendants, and each of them, Plaintiffs have suffered other consequential economic damages, and will continue to suffer in the future, in a sum to be determined at the time of trial.

**FOURTH CAUSE OF ACTION**
**(Conversion)**
**Against All Defendants**

53. Plaintiffs refer to and incorporate by reference Paragraphs 1-52 above as though fully set forth herein.

54. Plaintiffs had, and have, a legal right to the settlement money, in the amounts of $75,000 for Plaintiff Masreshaw Ayele and $40,000 for Plaintiff Marquita Kersh, pursuant to the aforementioned settlement agreement between Plaintiffs and Defendants.

55. Defendants, and each of them, intentionally and substantially interfered with Plaintiffs' rights to their settlement money by refusing to deliver the settlement money to Plaintiffs and by wrongfully keeping and possessing Plaintiffs' money.

56. Plaintiffs do not consent to Defendants, and each of them, retaining the settlement money and have repeatedly demanded delivery of the settlement money.

57. As a result of Defendants' intentional and significant failure to deliver Plaintiffs' settlement money, Plaintiffs have suffered economic, mental, and physical harm.

58. As a further proximate result of Defendants' wrongful conversion, Plaintiffs have suffered other consequential economic damages, and will continue to suffer in the future, in a sum to be determined at the time of trial.

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

STOLL, NUSSBAUM & POLAKOV APC
11601 Wilshire Boulevard, Suite 200
Los Angeles, California 90025
310.996.7500 phone • 310.575-4353 fax

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs pray for judgment against Defendants, and each of them, jointly and severally as follows:

1. For damages for failure to timely pay the settlement funds, plus interest, in a sum to be determined at the time of trial;
2. For general damages for mental and emotional distress in a sum to be determined at the time of trial;
3. For prejudgment interest on all damages awarded to Plaintiff in accordance with *Civil Code* § 3287;
4. For attorneys' fees, witness fees and costs of litigation incurred by Plaintiff to obtain the Policy benefits in an amount to be determined at trial;
5. For economic and consequential damages arising out of Defendants' unreasonable failure to timely pay the settlement funds;
6. For punitive and exemplary damages in an amount appropriate to punish or set an example of defendants;
7. For costs of suit herein; and
8. For such other relief as the Court deems just and proper.

DATED: July 14, 2020

STOLL, NUSSBAUM & POLAKOV
A Professional Corporation

By: ______________________
ROBERT J. STOLL, JR., ESQ.
Attorneys for Plaintiff

# PROOF OF SERVICE

**STATE OF CALIFORNIA COUNTY OF LOS ANGELES**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 1901 Avenue of the Stars, Suite 850, Los Angeles, California 90067-6010. On August 20, 2020, I served the within document as follows:

**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1441 ON THE GROUNDS OF DIVERSITY OF CITIZENSHIP UNDER 28 U.S.C. § 1332; CIVIL COVER SHEET CV-71**

☐ **(By Facsimile):** I caused the above-referenced document(s) to be transmitted by facsimile machine to the person(s) at the address(es) set forth below.

☐ **(By Overnight Courier)**: I caused the above-referenced document(s) to be delivered by an overnight courier service to the person(s) at the address(es) set forth below.

☐ **(By Personal Service)**: I caused the above-referenced document(s) to be personally delivered by hand to the person(s) at the address(es) set forth below.

☐ **(By Mail):** As Follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing to the person(s) at the address(es) shown below. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☒ **(By Electronic Service)**: I caused the above-referenced document(s) to be e-mailed to the person(s) at the address(es) set forth below via the Court's CM/ECF system:

Robert J. Stoll, Jr., Esq.
Richard D. Nussbaum, Esq.
Anthony S. Polakov, Esq.
Robert J. Stoll III, Esq.
Matthew Stoll, Esq.
Julie A. Farrugia, Esq.
Stoll, Nussbaum & Polakov
11601 Wilshire Boulevard, #200
Los Angeles, California 90025
E-mails: bob@stolllaw.com; julie@stolllaw.com; richard,nussbaum@stolllaw.com; apolakov@stolllaw.com; robert@stolllaw.com; matt@stolllaw.com

**(Federal)**: I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 20, 2020, at Los Angeles, California.

/s/ *Elisabeth Sillars*
Elisabeth Sillars